TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JENA A. MACCABE (Cal. Bar No. 316637)
Deputy Chief, Major Crimes Section
DANIEL H. WEINER (Cal. Bar No. 329025)
Transnational Organized Crime Section
Assistant United States Attorneys
1300/1400 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-5046/0813
Facsimile: (213) 894-0142
E-mail: jena.maccabe@usdoj.gov
daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEIKO MARIE GONZALEZ, et al.,<br><br>Defendants. | No. CR 26-114-SVW<br><br>*EX PARTE* APPLICATION FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION, MEDICAL INFORMATION, PRIVACY ACT INFORMATION, AND CONFIDENTIAL INFORMANT INFORMATION |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Jena A. MacCabe and Daniel H. Weiner, hereby applies ex parte for a protective order in this case governing the use and dissemination of (1) personal identifying information ("PII") of real persons pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1), (2) medical information; (3) material that may contain information within the scope of the

Privacy Act, and (4) information related to confidential informant(s) and/or cooperating witness(es) who may testify at trial.

Counsel for defendants KEIKO MARIE GONZALEZ, EDWARD ESCALANTE, EDWARD ALVARANGA, CARLOS BELTRAN, and EDWIN MARTINEZ do not object to the entry of a protective order generally but object to one provision of the proposed protective order, namely, that if defense counsel is not present, a "designated person" on the defense team must be present where a defendant is reviewing confidential informant materials. Defense counsel informed the government that they intend to respond to this application by Monday, March 23, 2026, and lodge an alternative proposed order.

This application is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 20, 2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

/s/

JENA A. MACCABE
DANIEL H. WEINER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendants are charged with, among other crimes, RICO conspiracy arising from their activities involving the 18th Street gang, including murder, robbery, assault, and extortion. As a result of the nature of this investigation, the government's discovery contains highly sensitive confidential informant materials ("CI Materials"). Unauthorized dissemination or distribution of CI Materials may compromise sensitive personal information and expose confidential informants or cooperating witnesses to potential safety risks.

While defendants agree to the entry of a protective order, defendants object to the government's proposed provision in the attached Proposed Protective Order ¶ 6(j) that "defendant may see and review CI Materials only in the presence of defense counsel" or another person on the defense team whom the government "preapprove[s] to serve as designated persons." Their objection should be overruled.[1]

The Proposed Protective Order comports with the weight of authority in this district and is narrowly tailored to prevent

---

[1] Defense counsel provided the government with below alternative language:

> "If defense counsel wishes to enable defendant to review CI Materials in the presence of any person on the Defense Team other than defense counsel, defense counsel shall first file with the Court, *in camera* and under seal, a notice identifying that person (the "designated person"), certifying that defense counsel is responsible for the conduct of the designated person with respect to compliance with the protective order, and setting forth the basis for defense counsel's conclusion that the designated person will comply with the protective order. Such designated person shall also sign an acknowledgement, maintained by defense counsel in their case file, which states that the designated person has reviewed the protective order and will comply with its terms."

disclosure of sensitive information while still enabling defendants to review the discovery in this case. For these reasons and those set forth below, the Court should enter the Proposed Protective Order without modification.

## II. ARGUMENT

To protect the safety of confidential informants and to reduce the risk of publicly disseminating sensitive information, the government has a standard protective order where only defense counsel or a "designated person" is permitted to share with defendants material that identifies confidential informants. A "designated person" is another member of the defense team[2] pre-cleared with the government to review discovery with defendant. If the government objects to a proposed designee, defense counsel can move the Court for relief. This avoids any inconvenience to defense counsel and facilitates the defense's review of discovery. Courts in this District routinely issue such terms for other defendants. See, e.g., United States v. Armstead, et al., No. CR 25-00651-JFW, Dkt. 171 (C.D. Cal. Jan. 8, 2026) (entering protective order over defense counsel's objection to the designated person provision); United States v. Barajas, et al., No. CR 21-00094-FLA, Dkt. 38 (C.D. Cal. Nov. 15, 2021) (same); United States v. Petroni, et al., No. CR 20-00329-PSG, Dkt. 112 (C.D. Cal. May 12, 2021) (same); cf. United

[2] Paragraph 6(d) of the Proposed Protective Order defines "Defense Team" as defendant's counsel of record; other attorneys at defense counsel's law firm who may be consulted regarding case strategy in this case; defense investigators who are assisting defense counsel with this case; retained experts or potential experts; and paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case.

States v. Ortiz, No. CR 22-00401-MCS, Dkt. 41 (Dec. 5, 2022) (requiring defense counsel personally to be present).

Defense counsel object and seek to allow any member of the defense team to share materials with defendants (as is permissible with PII). The government disagrees. Given the serious nature of the charges and the highly sensitive nature of CI Materials, the government must reserve the right to reject defense counsels' proposed designee if it deems the designated person unsuitable.[3] For example, the USAO may investigate whether the designated person has any relationship with defendant to try to minimize the likelihood that CI Materials are inappropriately shared. The USAO believes that every effort must be made to protect material that could be used to identify a confidential informant. Consistent with this objective, the government's proposed term will ensure adequate protection of CI Materials, while allowing defense counsel to arrange for review of these materials outside of their presence.

While the parties were meeting and conferring, defense counsel suggested that this provision is broader than it is, arguing that it would give the government decision-making authority over and information about the defense team. But this provision does not require preapproval of all members of the defense team. It does not limit which members can show defendants PII Materials that do not identify a confidential informant; that is, any member of the defense

[3] While the government has no reason to believe that any member of the respective defense teams should not be permitted to review such materials at this time, the safeguards provided by the provision are not hypothetical. See, e.g., United States v. Airapetian, Case No. 23-cr-243-RGK (noting government's concern that defense counsel's paralegal was previously convicted of racketeering activity alongside the defendant, and was on supervised release with condition that prohibited association with anyone known to be in the gang).

team can present such materials to defendants without approval or vetting. The provision does not bar unapproved members of the defense team from discussing CI Materials with defendant. Nor does it bar unapproved members of the defense team from reviewing CI Materials with defendant, so long as defense counsel is also present. And it certainly does not bar members of the defense team -- or anyone -- from working with defendants or from meeting with defendants. The provision does not relate to the entirety of discovery in this case, only those portions where the security risks justify the additional safeguards.

Defendants are free to retain experts or potential experts of their choice, without notifying the government. Those experts can review CI Materials themselves and can discuss those materials with defendants in the presence of defense counsel without any interference from the government. Moreover, even unapproved members of the defense team can themselves present the CI Materials to defendant, so long as defense counsel or an approved member of the defense team, respectively, is also present.

This is not a heavy burden. Indeed, it is less restrictive than other limitations the Ninth Circuit has permitted to protect the identity of confidential informants. See United States v. Shryock, 342 F.3d 948, 983 (9th Cir. 2003) (protective order allowing the government to provide defense counsel with one copy of covered documents to be kept in a secure location accessible only to defense counsel was reasonable under circumstances).

While not nearly as restrictive as defense counsel suggest, this limitation is critical to ensuring the identities of confidential informants remain protected. The definition of "defense team" is

purposefully broad. Investigators, paralegals, legal assistants, and other support staff are not required to be employees of defense counsel's law firms. Experts do not need to be retained to be considered part of the defense team. Outside of this provision (which applies only to members of the defense team who present CI Materials to defendants outside the presence of counsel), there is no notice provision and no approval provision for members of the defense team. This provision is intended to protect a limited amount of highly sensitive information while still permitting defendants broad discretion regarding the makeup of their team and the team members' relative tasks. The Court should adopt ¶ 6(i) of the Proposed Protective Order.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court grant the government's ex parte application and enter the Proposed Protective Order attached hereto.

Dated: March 20, 2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

/s/
JENA A. MACCABE
DANIEL H. WEINER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA