Richard G. Novak (SBN 149303)
Richard G. Novak, APLC
65 N. Raymond Avenue, Suite 320
Pasadena, California 91103
Telephone: 626-578-1175
Email: Richard@RGNLaw.com
Attorneys for Defendant Carlos Beltran

Melissa A. Weinberger (Bar No. 238432)
Law Offices of Melissa A. Weinberger
553 South Marengo Avenue
Pasadena, California 91101
Telephone: 213-867-6350
Email: mel@melweinberger.com
Attorneys for Defendant George Carrillo

[CONTINUED ON NEXT PAGE]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 26-cr-00114-SVW |
| Plaintiff, | *Hon. Stephen V. Wilson* |
| vs. | **NOTICE OF MOTION; DEFENDANTS' JOINT MOTION FOR FIRST CASE MANAGEMENT ORDER; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF COUNSEL AND EXHIBITS IN SUPPORT THEREOF** |
| KEIKO MARIE GONZALEZ, et al. | |
| Defendants. | **Date of Hearing: September 28, 2026** |
| | **Time of Hearing: 11:00 a.m.** |
| | **[PROPOSED] ORDER CONCURRENLY LODGED** |

[CONTINUED FROM PREVIOUS PAGE]

Richard W. Raynor (State Bar No. 162289)
Law Office of Richard W. Raynor
407 N. Pacific Coast Highway, Suite 280
Redondo Beach, California 90277
Telephone: 424-257-0284
Email: richard@richardraynor.com
Attorneys for Defendant Keiko Marie Gonzalez

**TO THE HONORABLE STEPHEN V. WILSON, UNITED STATES DISTRICT JUDGE, THE UNITED STATES AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 28, 2026, at 11:00 a.m., or as soon thereafter as may be heard before this Honorable Court, Defendants Carlos Beltran, by and through his counsel of record Richard G. Novak, George Carrillo, by and through his counsel of record Melissa A. Weinberger, and Keiko Marie Gonzalez, by and through her counsel of record Richard W. Raynor, will and hereby do move this Honorable Court for a *First Case Management Order* which sets deadlines for pre-trial disclosures and for the filing of certain pre-trial motions.

This motion is based upon the attached memorandum of points and authorities, declaration of counsel and exhibits thereto, all files and records in this case, and any further argument and evidence that the Court may consider at the hearing on this motion.

As set forth in the declaration of counsel, the parties met and conferred concerning the issues addressed in this motion but were not able to reach an agreement in advance of the filing of this motion. Declaration of Richard G. Novak ("Novak Decl." ¶¶ 4-7)

Dated: August 30, 2026

Respectfully submitted,

*/s/ Richard G. Novak*
Richard G. Novak
Attorneys for Carlos Beltran

Dated: August 30, 2026

Respectfully submitted,

*/s/ Melissa A. Weinberger*
Melissa A. Weinberger
Attorneys for George Carrillo

Dated: August 30, 2026

Respectfully submitted,

<u>*/s/ Richard W. Raynor*</u>
Richard W. Raynor
Attorneys for Keiko Marie Gonzalez

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This motion seeks a *First Case Management Order* providing for the orderly resolution of pre-trial issues in this complex prosecution which alleges, *inter alia*, multiple conspiracies and a racketeering homicide. The Indictment in this case was returned on March 4, 2026. The parties are scheduled to proceed to trial on April 20, 2027, in less than eight months. Here the three defendants alleged to have participated in the conspiracy to murder, two of whom are also charged with racketeering murder, jointly move for a scheduling order to ensure the disclosure of discovery and other pre-trial disclosures pursuant to judicially imposed deadlines that will lead to the resolution of numerous and complex legal issues in advance of trial.

The proposed and concurrently lodged *First Case Management Order* would ensure that the defendants timely receive all of the disclosures necessary in order to enable them to effectively litigate specific pretrial issues, engage in negotiations with the government where appropriate, and defend against the charges at trial.

## II. RELEVANT BACKGROUND

### A. The Charges

On March 4, 2026, the grand jury returned a seven-count indictment against seven defendants. All seven defendants are charged in Count One, which alleges a racketeering conspiracy in violation of section 1962(d) of Title 18. The alleged racketeering enterprise is the "18th Street criminal street gang" (Doc. No. 1 at 2, ll. 15-18) and the racketeering conspiracy alleges 26 overt acts.

Count Two of the indictment charges defendants Carrillo and Beltran with murder in furtherance of the racketeering enterprise, in violation of section 18 U.S.C. section 1951(a)(1).

Counts Three through Seven charge defendants Gonzalez, Escalante, Alvarenga, and De Los Angeles (who is a fugitive) with a *Hobbs Act* extortion

conspiracy and extortion under 18 U.S.C. §1951(a)(1), and distribution of methamphetamine in violation of 21 U.S.C. §841.

### B. Status of Discovery

The government has made three discovery productions to all defendants, although it has provided at least some of the defendants with separate productions that consist only of their individual criminal history records.

The first production, on May 7, 2026 was 45 GB comprised of approximately 165,158 pages and 8,919 digital files contained in 290 separate folders. This production includes law enforcement reports, approximately 15,000 wiretap recordings, surveillance videos, cell-phone digital evidence, and jail calls.

The second production, on May 15, 2026, was 7.4 GB and includes 14,676 pages. This production includes two cell-phone digital evidence.

At the May 18, 2026 status conference in this matter, the government indicated that as of that date it had three categories of discovery still outstanding: (1) evidence collected from a number of search warrants; (2) digital evidence; and (3) cooperator statements. **Exhibit A**, 5/18/26 Transcript at 21. The government anticipated producing the search warrant materials and statements within the next couple weeks and the digital evidence within the following two months. **Exhibit A**, 5/18/26 Transcript at 21. The government estimated that as of the date of the status conference, it had already produced 80%-85% of the paper evidence and 65%-70% of the digital evidence. **Exhibit A**, 5/18/26 Transcript at 22.

The third production, on July 6, 2026, was 55 GB including 1,989 pages and 7,683 files in 132 separate digital folders. This last production includes numerous body camera recordings, audio/video of interviews, over one hundred hours of surveillance videos from 16 different locations/sources, many of which need to be converted to playable formats, and three cell-phone digital evidence productions including social media.

## III. THIS COURT HAS BROAD DISCRETION TO ENTER A CASE MANAGEMENT ORDER

District courts have inherent "authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly." *United States v. W.R. Grace ("W.R. Grace")*, 526 F.3d 499, 508-509 (9th Cir. 2008) (en banc). The rules of criminal procedure are to be interpreted to provide for just determination of criminal proceedings, simplicity in procedure, and fairness in administration. *See United States v. Spurlock*, 782 F. Supp. 3d 987 (D. Nev. May 9, 2025) 987, 1002 (*noting Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) and Fed. R. Crim. P. 2). In *W.R. Grace*, the Ninth Circuit held that pre-trial disclosure orders "bring the necessary focus and organization to ready the case for trial." *W.R. Grace*, 526 F.3d at 513.

On June 29, 2026, counsel for the defendants jointly emailed the government a proposed pre-trial disclosure and motions schedule, attached hereto as Exhibit B, but the parties were not able to reach agreement within a reasonable period of time, necessitating this motion. (Novak Decl. ¶¶ 4-7) The defendants' proposed *First Case Management Order*, concurrently lodged with the filing of this motion, addresses a number of discrete areas as to which the government has discovery and notice obligations, as addressed below.[1]

[1] The defendants have not requested that this Court presently enter case management orders addressing each and every aspect of the proposed schedule which they presented to the government (Exhibit B). The proposed *First Case Management Order* addresses four distinct areas of pre-trial disclosures and litigation. The defendants do anticipate seeking a Second Case Management Order concerning the remaining issues at a later time.

### A. Wiretap and Search Warrant Materials Which May Implicate the Fourth Amendment

The investigation that led to the indictment in this matter involved numerous wiretap applications and orders, warrants authorizing, *inter alia*, searches of the contents of seized electronic devices, warrants requiring the production of business records held by third parties concerning those devices, concerning email, Google, Facebook and other social media accounts, and search warrants requiring the production of cell tower data. At the hearing in this matter on May 18, 2026, the government represented that it was still working to produce search warrant materials. During the meet and confer on July 13, 2026, the government stated that it could not agree to any date by which it would produce all warrant-related materials. To be clear, the government has produced some but, it appears, not all warrant materials.

The Court clearly has inherent authority to set a deadline by which the government must produce all warrant materials that are necessary for the defendants and the Court to be able to review in connection with any Rule 12 motions to suppress that may be appropriate.

The joint defense proposed schedule which was submitted to the government on June 29, 2026, proposed a deadline for that production of September 14, 2026 and offered a suppression motion cut-off date of November 9, 2026 (Exhibit B at 1-2). That production cut-off date will have passed by the time of the hearing on this motion, so the defense now proposes the following:

- Search warrant materials disclosure cut-off date: November 15, 2026
- Motion cut-off date (preserving the original proposed six week period of time): January 11, 2027
- Hearing on motions to suppress: February 8, 2027

### B. Statements Of Defendants Which May Implicate Their Rights Under the Fifth and Sixth Amendments, *Miranda* and *Massiah* and Issues Of Prejudicial Joinder

The discovery produced to date indicates that in the course of the investigation of this matter, law enforcement utilized at least one *Perkins* operation to attempt to obtain statements from individuals who are now among the defendants. One or more other defendants may have made statements to law enforcement or their agents that the government views as inculpatory and probative in this prosecution. In order to provide for an orderly assessment by the defense and this Court, as necessary, of the admissibility of those statements against one who may have made them, and the risk of unfair prejudice arising from the admission of statements of co-defendants in a joint trial, the defendants seek a deadline for the government to disclose all such statements well in advance of trial. It is well within the Court's inherent discretion to set a discovery cut-off date for such statements.

The defendants propose the same November 15, 2026 disclosure cut-off date and the same January 11, 2027 motions cut-off date as proposed for the wiretap and search warrant issues addressed in section III.B, above. Motions filed by that date would be to exclude such statements and/or for severance arising from prejudicial joinder.

### C. Expert Disclosures Under Rule 16 and Rules of Evidence 702 and 703

It is, of course, well within this Court's inherent discretion to set deadlines for the government and the defense to fully comply with the expanded expert disclosure requirements in Rule 16. In this case, based upon a review of the discovery, the defendants presently anticipate that the government *may* seek to present expert opinion testimony in at least the following subject matter areas at trial:

1) DNA expert opinion evidence;
2) Ballistics expert opinion evidence;
3) Pathology expert opinion evidence;

4) Prison gang, street gang, and narcotics distribution expert opinion evidence;

5) Cell site location and other digital forensics expert opinion evidence.

Once the defendants receive and evaluate all of the government's proposed expert opinions and the bases for them, the defendants can be prepared to disclose their own non-rebuttal expert opinions, if any, and to file motions for more complete expert disclosures and/or to limit or exclude proposed expert testimony. In the view of the defendants, all expert opinion evidence issues should be resolved well before trial begins. The defense proposed, in the schedule sent to the government, the following dates:

- Government expert disclosures: December 21, 2026
- Defense expert disclosures: February 1, 2027
- Motions to compel further expert disclosures and/or to limit/exclude expert testimony: February 8, 2027
- Hearing on all expert-related motions: March 15, 2027

**D. Rule 404(b) and 801(d)(2) Disclosures**

While the government offered during the conference of counsel on July 13, 2026 to make Rule 404(b) disclosures no later than February 8, 2027 (in response to the defense's proposed date of January 4, 2027), it would not agree to disclose by any date a list of the *specific* co-conspirator statements it intends to offer at trial pursuant to Rule 801(d)(2). Nor would it agree to identify the Bates stamp references as to where each of those alleged co-conspirator statements can be found within the voluminous discovery which includes many audio and video recordings.

In a case involving numerous charged and uncharged participants, narcotics overt acts, wiretaps, substantial digital evidence, and numerous charged offenses, the orderly presentation of evidence to a jury requires early resolution of the

preliminary determinations required under Rule 801(d)(2), including the identity of the witness who will testify to a statement of an alleged co-conspirator, when the statement was made, whether the speaker was in fact a member of a conspiracy and how if at all the statement is in furtherance of that conspiracy. See *United States v. Larson*, 460 F.3d 1200, 1212 (9th Cir. 2006), *adopted in relevant part on reh'g en banc*, 495 F.3d 1094, 1096 n.4 (9th Cir. 2007) (before admitting co-conspirator statements at trial, the prosecution must show, and the Court must determine by a preponderance of the evidence, that (1) the conspiracy existed when the statement was made; (2) the defendant had knowledge of, and participated in, the conspiracy; and (3) the statement was made "in furtherance" of the conspiracy).

In order to avoid mid-trial litigation over the admissibility of such statements, the defense proposes:

| | |
|---|---|
| • Government disclosure of all proposed 404(b) evidence and all specific statements it intends to offer as evidence pursuant to Rule 801(d)(2) with citations to where in the discovery they can be found: | January 4, 2027 |
| • Deadline for filing all motions *in limine* concerning the government's proposed 404(b) and 801(d)(2) evidence: | February 15, 2027 |
| • Hearing on all 404(b) and 801(d)(2) motions: | March 15, 2027 |

//

//

//

//

//

## IV. CONCLUSION

The defendants respectfully request that this Court exercise its inherent authority and issue the proposed *First Case Management Order*..

Dated: August 30, 2026

Respectfully submitted,

*/s/ Richard G. Novak*
Richard G. Novak
Attorney for Carlos Beltran

Dated: August 30, 2026

Respectfully submitted,

*/s/ Melissa A. Weinberger*
Melissa A. Weinberger
Attorney for George Carrillo

Dated: August 30, 2026

Respectfully submitted,

*/s/ Richard W. Raynor*
Richard W. Raynor
Attorney for Keiko Marie Gonzalez